**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flmb.uscourts.gov**

**In re:**

**LARRY E. MENESTRINA** **Case. No. 9:16-bk-15084-PGH**
**Debtor.**
**______________________________/**

**LARRY E. MENESTRINA,** **Adv. No. ___________________**

**Plaintiff,**
**v.**

**NAVIENT SOLUTIONS, INC.**
**Defendant.**
______________________________/

**COMPLAINT TO DETERMINE**
**DISCHARGEABILITY OF STUDENT LOAN INDEBTEDNESS**

Plaintiff/Debtor LARRY E. MENESTRINA, by and through his undersigned counsel, brings this Complaint and sues NAVIENT SOLUTIONS, INC. to determine the dischargeability of student loan indebtedness pursuant to 11 U.S.C. § 523(a)(8).

**Statement of the Case**

1. This case involves a student loan that does not fit within the parameters of student loan debt proscribed by Section 523(a)(8) and therefore is eligible for a discharge.
2. The debt for which the Plaintiff seeks a discharge involves a private student loan that he co-signed for a friend to attend a foreign medical school.
3. This debt was not incurred on behalf of a student who is either the debtor, the debtor's spouse, or the debtor's dependent and is therefore dischargeable per 26 CFR 1.221-1(b)(2) under 26 U.S.C. 221(d)(1)(A) by cross reference to 11 U.S.C.

523(a)(8)(B). As such the private loan is not a "qualified education loan" and is therefore eligible for discharge.

## Jurisdiction and Venue

4. This is an adversary proceeding by which the Plaintiff/Debtor seeks a declaration that the private loan that he co-signed for a friend does not constitute a "qualified education loan" under Bankruptcy Code section 523(a)(8) and, therefore, such loans should not be excepted from discharge under section 523 of the Bankruptcy Code. Debtor is not seeking an undue hardship discharge in this adversary proceeding.
5. The underlying bankruptcy case was filed by Debtor Larry E. Menestrina on April 8, 2016 in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, Case No. 9:16-bk-15084-PGH.
6. The adversary proceeding commenced under this Complaint is a core proceeding as contemplated by 28 U.S.C. §157 and this Court has jurisdiction pursuant to 28 U.S.C. §157.
7. Venue is proper in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1409.
8. Jurisdiction of this Court arises under 11 U.S.C. § 523(a)(8), 559.77(1), Fla. Stat., 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227(b)(3).

## Parties

9. Plaintiff/Debtor is a resident of Palm Beach County, State of Florida, residing at 1609 S. Federal Hwy, Apt. 201, Lake Worth, FL 33460.

10. Defendant, NAVIENT SOLUTIONS, INC. ("NAVIENT") is a creditor and/or servicer of Plaintiff/Debtor, purportedly holding an indebtedness and/or obligation(s) for a student loan supplied to Pearre Jones Davenport, III.

**Educational and Loan History/Co-Signed for Friend:**

11. In 2003, Pearre Jones Davenport, III, requested that Debtor as his friend co-sign a private student loan in the amount of $21,455.00 for Davenport to attend medical school at the American University of the Caribbean School of Medicine. Davenport and Debtor were not related in any way. Davenport has since passed away in 2015.

12. The current balance of the loan is in excess of $36,741.00.

13. Plaintiff/Debtor co-signed for a student loan on behalf of an unrelated friend from Defendant and/or lenders to which Defendant purport to be the current assignee, transferee, insurer and/or guarantor.

14. Plaintiff/Debtor is liable in excess of $36,741 for a private student loan that he co-signed for a friend that he is now seeking a discharge.

15. Plaintiff has retained the services of the undersigned attorney and has agreed to pay reasonable attorney's fees.

**Section 523(a)(8)(B) –**

16. Section 523(a)(8)(B) excepts from discharge "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986." 26 U.S.C. § 221(d)(1)(A) provides in relevant part:

    a. Qualified education loan. – The term "qualified education loan" means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses…

b. which are incurred on behalf of the taxpayer, or the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred.

17. At the time the indebtedness was incurred, Plaintiff/Debtor was merely a friend of the student Davenport who was asked to co-sign and was not the direct borrower, the borrower's spouse, nor was the borrower a dependent of Plaintiff's.

18. Therefore, Plaintiff asserts that the student loan does not meet the definition contained within Section 523(a)(8)(B) and is subject to discharge.

**COUNT I – DISCHARGE OF STUDENT LOAN DEBT UNDER 26 U.S.C. § 221(d)(1) – Not a Qualified Educational Loan**

19. Plaintiff/Debtor repeats, re-alleges and incorporates paragraphs 1-18 as though fully restated herein.

20. Section 523(a)(8) of the Bankruptcy Code states that an "educational loan that is a qualified education loan" is defined by reference to "section 221(d)(1) of the Internal Revenue Code of 1986." 11 U.S.C. § 523(a)(8). Section 221(d) of the Internal Revenue Code of 1986 states that a " 'qualified education loan' means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses--(a) ***which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred***, (b) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (c) which are attributable to education furnished during a period during which the recipient was an eligible student." 26 U.S.C. § 221(d)(1).

21. The Loan sought to be discharged is not a "qualified education loan" within the meaning of Section 523(a)(8) of the Bankruptcy Code.

22. The private student loan held by Defendant should be determined to be dischargeable pursuant to 26 U.S.C. § 221(d)(1) and 11 U.S.C. § 523(a)(8) as it does not meet the definition of non-dischargeable student loans.

WHEREFORE, Plaintiff/Debtor, Larry E. Menestrina, requests this Court:

a. Find that all of the indebtedness owed to Defendant is not an "qualified education loan" and therefore dischargeable pursuant to 26 U.S.C. § 221(d)(1) and 11 U.S.C. § 523(a)(8);

b. Allow amendment to this Complaint to add parties in the event that additional parties are necessary for the adjudication of Plaintiff/Debtor's claims for discharge of these co-signed student loans; and

c. Award reasonable attorney fees and costs;

d. Grant such further and additional relief as the Court may deem just and proper.

Dated this 3rd day of April, 2017.

Respectfully submitted,

*/s/ Christie D. Arkovich, Esq.*__________________
Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 582115
Primary E-mail: cdalaw@tampabay.rr.com
Service email: cdalaw@christiearkovich.com
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
(813) 258-5911 (Facsimile)
Attorneys for Plaintiff(s)